JS-6

J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California  91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiff
Warner Bros. Home Entertainment Inc.

Ali Kamarei (SBN 175977)
alik@inhouseco.com
Alexander Chen (SBN 245798)
alex@inhouseco.com
Inhouse Co. Law Firm
50 West San Fernando Street, Suite 900
San Jose, California  95113
Telephone:  (408) 918-5393
Facsimile:   (408) 918-5373

Attorneys for Defendant
Kathleen Conner a/k/a Kathleen Connor,
an individual and d/b/a as Amazon.com
Seller finefindscollectibles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Warner Bros. Home Entertainment Inc., | Case No. CV12-6515 JGB (PJWx) |
| Plaintiff, | CONSENT DECREE AND PERMANENT  INJUNCTION |
| v. | |
| Kathleen Conner a/k/a Kathleen Connor, an individual and d/b/a as Amazon.com Seller finefindscollectibles, and Does 1-10, inclusive, | |
| Defendants. | |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree and Permanent Injunction that has been executed by Plaintiff Warner Bros. Home Entertainment Inc. ("Plaintiff") and Defendant Kathleen Conner a/k/a

Kathleen Connor, an individual and d/b/a as Amazon.com Seller finefindscollectibles ("Defendant"), in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to Defendant, her successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1)   This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq*., and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendant.

2)   Plaintiff owns or controls the copyright or pertinent exclusive right to distribute or license the distribution of home video and digital products, including video home cassettes (VHS) as well as optical discs, including, but not limited to, digital versatile discs (DVDs) and Blu-ray discs (collectively "Media Products") incorporating the motion picture or television titles subject to the copyright registrations listed in Exhibit "A" attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Works").

3)   Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Works or substantially similar likenesses or colorable imitations thereof.

4)   Defendant and her agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with him who receive actual notice of the Injunction are hereby restrained and permanently enjoined from infringing – directly, contributorily or vicariously – or enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, authorizing, aiding or abetting, materially contributing to, or persuading anyone to infringe in any manner Plaintiff's Works, including, but not limited to, the following:

   a)   Copying, reproducing, downloading, distributing, uploading, linking to, transmitting, or publicly performing, or using trademarks, trade names or

logos in connection with unauthorized Media Products containing any of Plaintiff's Works;

b) Enabling, facilitating, permitting, assisting, soliciting, encouraging, abetting, or inducing any person or entity to copy, reproduce, download, distribute, upload, link to, transmit, or publicly perform any of Plaintiff's Works; or

c) Profiting from the unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of Plaintiff's Works while declining to exercise a right to stop or limit such unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of Plaintiff's Works.

5) Each side shall bear its own fees and costs of suit.

6) Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7) This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof; and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED: June 21, 2013

_____
Hon. Jesus G. Bernal
United States District Judge